NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| George E. HARRINGTON, JR.<br><br>Petitioner,<br><br>v.<br><br>Christopher PLANTE, et al.,<br><br>Claimants. | Civ. No. 12-445<br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Compel filed by Petitioner George E. Harrington ("Petitioner"), (Docket Entry No. 15), and the Motion for Leave to File an Amended Complaint in State Court through Lift of Stay filed by the Estate of Christopher Plante ("Claimant"), (Docket Entry No. 18). Both motions are opposed. (Docket Entry Nos. 20, 21, 22, 25, 29, 30). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Claimant's Motion for Leave to File an Amended Complaint in State Court through Lift of Stay is denied and Petitioner's Motion to Compel is denied as moot.

## II. BACKGROUND

This case concerns a boating collision that resulted in the death of Christopher Plante ("Plante") in 2011. Following the collision, Claimant filed a complaint against Petitioner in the

1

Monmouth County Superior Court alleging fatal personal injuries ("State Court Action"). (Docket Entry No. 22 at ¶ 4). Petitioner, who was operating the boat that allegedly struck and killed Plante, then initiated this action in federal court ("Federal Court Action") on January 20, 2012, by filing a Petition (1) praying for exoneration from or limitation of liability pursuant Title 46 U.S.C. § 30509, *et seq.* (formerly 46 U.S.C. App. § 183) and Rule F of the Supplemental Rules of Certain Maritime and Admiralty Claims; and (2) contesting liability for any loss, damage, injury or death arising out of the collision. (Docket Entry No. 1).

Petitioner then filed in the Federal Court Action a motion to enjoin the further prosecution of any pending lawsuits or legal proceedings, including the State Court Action. (Docket Entry No. 2). On February 21, 2013, the Court issued an Order ("February 21 Order") granting Petitioner's motion. (Docket Entry No. 3 at 3). The February 21 Order states that

> the further prosecution of any and all suits now pending, and the institution of any and all suits, actions or legal proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motions in such suits, actions or legal proceedings against Petitioner or against the Vessel, or either of them, except in the present proceedings, in respect of any losses, damages, or injuries arising out of said incident involving the Vessel, as alleged in said Motion, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this proceeding . . . .

(*Id.*).

On May 15, 2012, a number of the claimants, including Claimant, filed an Answer and Claims. (Docket Entry No. 6). The claimants then requested a stay of the Federal Court Action pending resolution of a parallel criminal matter in state court. (Docket Entry No. 10). This request was granted on June 22, 2012. (Docket Entry No. 13).

On June 26, 2013, Claimant filed a motion in the State Court Action, seeking to vacate, stay, and amend Plaintiff's complaint in that case. (Docket Entry No. 17 at 4). Claimant contends that the motion was filed to preserve its claims against other, previously unnamed

2

parties before the statute of limitations on those claims expired on July 23, 2011. (Docket Entry No. 22 at ¶¶ 5-6). Petitioner contends, however, that the motion violates the Court's February 21 Order and seeks an order from the Court (1) directing Claimant to comply with the February 21 Order; and (2) holding Richard T. Smith, attorney for Claimant, in civil contempt. (Docket Entry No. 17). Claimant seeks an Order from the Court lifting the stay imposed in the February 21 Order. (Docket Entry No. 18). The Court now considers these motions.

### III. ANALYSIS

Currently pending before the Court are two motions. The Court considers Claimant's Motion to Lift the Stay for the Limited Purpose of Amending Plaintiff's Complaint in the Pending State Court Action first.

*A. Claimant's Motion*

"The Limited Liability Act provides that the liability of a shipowner incurred as a result of a maritime accident 'without the privity or knowledge of such owner . . . shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.'" *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (citing 46 U.S.C. § 183(a)). "If a shipowner facing potential liability for a maritime accident files a complaint seeking protection under the Act, the district court is authorized to stay all proceedings against the owner, 46 U.S.C. § 185; *see* FED. R. CIV. P. Supplemental Rule F(3), and to direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman*, 2 F.3d at 523-24 (citing FED. R. CIV. P. Supplemental Rule F(4)). The district court then holds an admiralty proceeding known as a concursus to determine "whether there was negligence; if there was negligence, whether it was without the privity or knowledge of the owner; and if limitation is granted, how the fund should be distributed." *Id*. at 524. "In this way, the court can supervise

3

the marshaling of assets and the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *Id.* (quotations and citations omitted).

Federal courts have created two exceptions to the admiralty court's exclusive jurisdiction over limitation proceedings. *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). First, district courts allow a state court action to proceed "when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight." *Id.*; *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988). "The second exception occurs when a single claimant brings an action against the shipowner seeking damages in excess of the value of the vessel." *Gorman*, 2 F.3d at 524; *see also Dammers*, 836 F.2d at 755. "In such a case, the district court must lift the stay provided that the claimant stipulates that the admiralty court has exclusive jurisdiction to determine all issues concerning the owner's limitation of liability under the Act." *Gorman*, 2 F.3d at 524 (citing *Ex Parte Green*, 286 U.S. 437, 438-40 (1932)).

Claimant argues that the Court should lift the stay because Claimant is the only claimant and is willing to offer stipulations concerning the admiralty court's jurisdiction. Petitioner points out, however, that Claimant is not the only claimant. (Docket Entry No. 29). In fact, Barbara Plante and Deborah Rich have also filed claims. (*See* Docket Entry No. 6). Furthermore, it appears from Claimant's pleadings in the State Court Action that Claimant intends to pursue claims against a number of other parties. (Docket Entry No. 29, Attach. 1). The Court is mindful that "[a]s long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a concursus." *Dammers*, 836 F.2d at 757; *see also Helena Marine Serv., Inc. v. Sioux City*, 564 F.2d 15, 18 (8th Cir. 1977) ("[i]n

determining whether to dissolve the stay of other proceedings [issued in limitation actions], a court should not merely consider claims that have been filed"). Therefore, the Court does not agree with Claimant that this case falls under the single claimant exception to the admiralty court's exclusive jurisdiction.

Additionally, the Third Circuit has indicated that parties may use "priority stipulations to convert what would otherwise constitute a 'multiple-claims-inadequate-fund' case into the equivalent of a single claim case, thereby eliminating the need for a *concursus*." *Gorman*, 2 F.3d at 525-26. The parties may do so by "agreeing and stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the limited fund." *Id*. at 525. Although Claimant states that "Claimant is ready, willing, and able to execute any and all stipulations required in order to lift the stay," the Court finds this promise insufficient in a multiple-claims-inadequate-fund case such as this as Claimant speaks only for himself – not the other claimants. Therefore, Claimant's Motion to Lift the Stay for the Limited Purpose of Amending Plaintiff's Complaint in the Pending State Court Action is denied.

  B. *Petitioner's Motion*

Additionally, Petitioner seeks an Order directing Claimant to comply with the February 21 Order and withdraw the motion in the State Court Action. (Docket Entry No. 15). He also seeks an Order holding Claimant's attorney in civil contempt for failure to comply with the Court's February 21 Order. (*Id*.). First, to the extent that Petitioner seeks an Order directing Claimant to withdraw the motion in the State Court Action, the Court finds that this issue is moot as the state court has already denied Claimant's motion and there is, therefore, no pending motion to withdraw. (Docket Entry No. 30 at ¶ 12). Furthermore, to the extent Petitioner seeks an Order holding Richard T. Smith "in civil contempt should he not comply with [the February

21 Order] and immediately withdraw his [state court] motion," the Court finds such relief is not warranted.  The Court notes that Claimant's attorney filed the motion to lift the stay in an attempt to preserve certain claims in the State Court Action and the issue has become moot as the motion was ultimately denied.

## IV.  CONCLUSION

For the foregoing reasons, Claimant's Motion for Leave to File an Amended Complaint in State Court through Lift of Stay is denied, and Petitioner's Motion to Compel is denied as moot.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date:   September 10, 2013